**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern</u> District of <u>Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | CEC Entertainment Concepts, L.P. |
| 2. **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | None |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 42-1563011 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1707    Market Place Boulevard <br> Number   Street | Number     Street |
| Suite 200 | P.O. Box |
| Irving    TX    75063 <br> City   State   ZIP Code | City   State   ZIP Code |
| Dallas <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number     Street <br><br> City   State   ZIP Code |

5. **Debtor's website** (URL)    https://www.chuckecheese.com/

6. **Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☒ Partnership (excluding LLP)
☐ Other.  Specify: _____

| Debtor | CEC Entertainment Concepts, L.P. | Case number (if known) | 20-_____ ( ) |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*
☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5416 – Management, Scientific, and Technical Consulting Services

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes   District _____   When _____   Case number _____
                                        MM/ DD/ YYYY

        District _____   When _____   Case number _____
                                        MM / DD/ YYYY

Debtor      CEC Entertainment Concepts, L.P.                                    Case number (if known)   20-_____ (   )
_____
            Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes      Debtor      See Schedule 1            Relationship      See Schedule 1

List all cases. If more than 1, attach a separate list.

District    Southern District of Texas      When      June 24, 2020
                                                                        MM / DD / YYYY

Case number, if known    _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?    _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other    _____

**Where is the property?**    _____
                                          Number              Street

                                          _____
                                          City                  State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency    _____

Contact Name    _____

Phone    _____

---

### Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49                ☐ 1,000-5,000            ☐ 25,001-50,000
☐ 50-99               ☒ 5,001-10,000           ☐ 50,000-100,000
☐ 100-199             ☐ 10,001-25,000          ☐ More than 100,000
☐ 200-999

---

| Debtor | CEC Entertainment Concepts, L.P. | Case number (if known) | 20-_____ ( ) |
|---|---|---|---|
| | Name | | |

| **15.** | **Estimated assets** (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16.** | **Estimated liabilities** (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.** **Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 24, 2020
MM / DD / YYYY

✗ /s/ James A. Howell
Signature of authorized representative of debtor

James A. Howell
Printed name

Chief Financial Officer
Title

**18.** **Signature of attorney**

✗ /s/ Alfredo R. Pérez                    Date   June 24, 2020
Signature of attorney for debtor                 MM / DD / YYYY

| Alfredo R. Pérez | Matthew S. Barr |
|---|---|
| Printed Name | |
| Weil, Gotshal & Manges LLP | Weil, Gotshal & Manges LLP |
| Firm Name | |
| 700 Louisiana Street, Suite 1700 | 767 Fifth Avenue |
| Address | |
| Houston, Texas 77002 | New York, New York 10153 |
| City/State/Zip | |
| (713) 546-5000 | (212) 310-8000 |
| Contact Phone | |
| alfredo.perez@weil.com | matt.barr@weil.com |
| Email Address | |
| 15776275 | Texas |
| Bar Number | State |

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY |
| --- |
| BHC Acquisition Corporation |
| CEC Entertainment Concepts, L.P. |
| CEC Entertainment Holdings, LLC |
| CEC Entertainment, Inc. |
| CEC Entertainment International, LLC |
| CEC Entertainment Leasing Company |
| CEC Leaseholder, LLC |
| CEC Leaseholder #2, LLC |
| Hospitality Distribution Incorporated |
| Peter Piper Holdings, Inc. |
| Peter Piper, Inc. |
| Peter Piper Texas, LLC |
| Peter Piper Mexico, LLC |
| Queso Holdings Inc. |
| SB Hospitality Corporation |
| SPT Distribution Company, Inc. |
| Texas PP Beverage, Inc. |

CERTIFICATE OF RESOLUTIONS

June 24, 2020

The undersigned, Rodolfo Rodriguez, Jr., Secretary of CEC Entertainment, Inc., a Kansas corporation (the "**Company**"), hereby certifies as follows:

A. I am a duly qualified and elected officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company;

B. Attached hereto as Exhibit "A" is a true, complete and correct copy of the Resolutions adopted by the Board of Directors of the Company in accordance with the Articles of Incorporation of the Company, as Amended and Restated, and the Bylaws of the Company, as Amended and Restated; and

C. Such Resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof.  There exist no other subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the date first written above.

_____
Rodolfo Rodriguez, Jr.
Secretary

## RESOLUTION BY THE
## BOARD OF DIRECTORS OF
## CEC ENTERTAINMENT, INC.

**WHEREAS**, the board of directors (the "**Board**") of CEC Entertainment, Inc., a Kansas corporation (the "**Company**"), has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board believes that commencing a Chapter 11 Case (as defined below) and taking the actions set forth below are in the best interests of the Company and, therefore, desires to approve the following resolutions.

## I.       Commencement of Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after due consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer or director of the Company (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer, who may act without the joinder of any other Authorized Officer, deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**"), including, without limitation, continuing to use cash in the ordinary course and negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case; and be it further

## II.      Retention of Advisors

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that FTI Consulting, Inc., located at 2001 Ross Avenue, Suite 650, Dallas, Texas 75201, is hereby retained as financial advisor for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that PJT Partners LP, located at 280 Park Avenue, New York, New York 10017, is hereby retained as investment banker for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Hilco Real Estate, LLC, located at 5 Revere Dr., Suite 320 Northbrook, Illinois 60062, is hereby retained as real estate advisor for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Prime Clerk, LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, is hereby retained as claims, noticing and solicitation agent for the Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## III.    Ratification

**RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of any Authorized Officer, who may act without the joinder of any other Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and be it further

**RESOLVED**, that the Secretary of the Company is authorized to place a copy of this consent in the official records of the Company to document the actions set forth herein as actions taken by the Board; and be it further

## IV.    Subsidiary Actions

**RESOLVED**, that the Board hereby authorizes and instructs the governing bodies of each of the Company's subsidiaries to adopt substantially similar resolutions to the resolutions set forth above.

**ACTION BY**
**WRITTEN CONSENT OF**
**THE GOVERNING BODIES OF**
**QUESO HOLDINGS, INC.**
**CEC ENTERTAINMENT HOLDINGS, LLC**
**CEC ENTERTAINMENT CONCEPTS, L.P.**
**BHC ACQUISITION CORPORATION**
**HOSPITALITY DISTRIBUTION INCORPORATED**
**SB HOSPITALITY CORPORATION**
**SPT DISTRIBUTION COMPANY, INC.**
**CEC ENTERTAINMENT LEASING COMPANY**
**CEC LEASEHOLDER, LLC**
**CEC LEASEHOLDER #2, LLC**
**CEC ENTERTAINMENT INTERNATIONAL, LLC**
**PETER PIPER HOLDINGS, INC.**
**PETER PIPER, INC.**
**TEXAS PP BEVERAGE, INC.**
**PETER PIPER MEXICO, LLC**
**PETER PIPER TEXAS, LLC**

June 24, 2020

The required members of the board of directors, the members, the sole manager or the sole general partner, as the case may be (as applicable, the "**Governing Body**"), of each of the entities referenced above (each, a "**Company**," and collectively, the "**Companies**"), do hereby consent to, adopt, and approve, by written consent in accordance with, as applicable, Section 141(f) of the Delaware General Corporation Law, Section 18-404(d) of the Delaware Limited Liability Company Act, Sections 6.201 and 101.359 of the Texas Business Organizations Code, Section 86.291 of the Nevada Limited Liability Company Act, Section 10-821 of the Arizona Business Corporation Act and Section 29-683 of the Arizona Limited Liability Company Act, the following resolutions and each and every action effected thereby:

**WHEREAS**, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses; and

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company; and

**WHEREAS**, each Governing Body believes that commencing a Chapter 11 Case (as defined below) and taking the actions set forth below are in the best interests of the applicable Company and, therefore, desires to approve the following resolutions.

**I.**    <u>**Commencement of Chapter 11 Case**</u>

**NOW, THEREFORE, BE IT RESOLVED**, that each Governing Body of each Company has determined, after due consultation with the management and the legal and financial advisors of the applicable Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any manager, member, officer or director of such Company (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of such Company, and under its corporate seal or otherwise, all petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer, who may act without the joinder of any other Authorized Officer, deems necessary, proper, or desirable in connection with such Company's chapter 11 case (each, a "**Chapter 11 Case**"), including, without limitation, continuing to use cash in the ordinary course and negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case; and be it further

## II.  <u>Retention of Advisors</u>

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that FTI Consulting, Inc., located at 2001 Ross Avenue, Suite 650, Dallas, Texas 75201, is hereby retained as financial advisor for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that PJT Partners LP, located at 280 Park Avenue, New York, New York 10017, is hereby retained as investment banker for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Hilco Real Estate, LLC, located at 5 Revere Dr., Suite 320 Northbrook, Illinois 60062, is hereby retained as real estate advisor for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Prime Clerk, LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, is hereby retained as claims, noticing and solicitation agent for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## III.  <u>Ratification</u>

**RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of any Authorized Officer, who may act without the joinder of any other Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Company.

This consent may be executed in two or more counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument. The secretary of each Company is authorized to place a copy of this consent in the official records of the Company to document the actions set forth herein as actions taken by the Governing Body of such Company.

[*Remainder of page intentionally left blank.  Signature page follows.*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of QUESO HOLDINGS, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name: David McKillips
Title: Director

_____
Name:  Andrew Jhawar
Title: Director

_____
Name:  Naveen Shahani
Title: Director

_____
Name: Allen R. Weiss
Title: Director

_____
Name:  Peter Brown
Title: Director

_____
Name:  Paul Aronzon
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of QUESO HOLDINGS, INC. have executed this unanimous written consent as of the date first set forth above.

---
Name: David McKillips
Title: Director

---
Name:  Andrew Jhawar
Title: Director

---
Name:  Naveen Shahani
Title: Director

---
Name: Allen R. Weiss
Title: Director

---
Name:  Peter Brown
Title: Director

---
Name:  Paul Aronzon
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of QUESO HOLDINGS, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name: David McKillips
Title: Director


_____
Name:  Andrew Jhawar
Title: Director


_____
Name:  Naveen Shahani
Title: Director


_____
Name: Allen R. Weiss
Title: Director


_____
Name:  Peter Brown
Title: Director


_____
Name:  Paul Aronzon
Title: Director


[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of QUESO HOLDINGS, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name: David McKillips
Title: Director

_____
Name:  Andrew Jhawar
Title: Director

_____
Name:  Naveen Shahani
Title: Director

_____
Name: Allen R. Weiss
Title: Director

_____
Name:  Peter Brown
Title: Director

_____
Name:  Paul Aronzon
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of QUESO HOLDINGS, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name: David McKillips
Title: Director

_____
Name:  Andrew Jhawar
Title: Director

_____
Name:  Naveen Shahani
Title: Director

_____
Name: Allen R. Weiss
Title: Director

_____
Name:  Peter Brown
Title: Director

_____
Name:  Paul Aronzon
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF,** the undersigned, being all of the members of the board of directors of QUESO HOLDINGS, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name: David McKillips
Title: Director


_____
Name: Andrew Jhawar
Title: Director


_____
Name: Naveen Shahani
Title: Director


_____
Name: Allen R. Weiss
Title: Director


_____
Name: Peter Brown
Title: Director


*Paul Aronzon*
_____
Name: Paul Aronzon
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being the sole manager of CEC ENTERTAINMENT HOLDINGS, LLC, has executed this written consent as of the date first set forth above.

By: _Roger Cardinale_
Name:  Roger Cardinale
Title:   Sole Manager

**IN WITNESS WHEREOF**, the undersigned, being the sole general partner of CEC ENTERTAINMENT CONCEPTS, L.P. has executed this written consent as of the date first set forth above.

**CEC ENTERTAINMENT CONCEPTS, L.P.**

**BY ITS GENERAL PARTNER:**
**CEC ENTERTAINMENT, INC.**

By: _____

Name:   Blake Huggins

Title:   Vice President & Treasurer

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of BHC ACQUISITION CORPORATION have executed this unanimous written consent as of the date first set forth above.

Name: Maribel Alamillo
Title: Director


Name:  Daphne Woolfolk
Title: Director


Name:  Mark Hullinger
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of BHC ACQUISITION CORPORATION have executed this unanimous written consent as of the date first set forth above.

_____
Name: Maribel Alamillo
Title: Director


*Daphne Woolfolk*
_____
Name:  Daphne Woolfolk
Title: Director


_____
Name:  Mark Hullinger
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of BHC ACQUISITION CORPORATION have executed this unanimous written consent as of the date first set forth above.

_____
Name: Maribel Alamillo
Title: Director


_____
Name:  Daphne Woolfolk
Title: Director


_____
Name:  Mark Hullinger
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of HOSPITALITY DISTRIBUTION INCORPORATED have executed this unanimous written consent as of the date first set forth above.

_____
Name: David A. Deck
Title: Director


_____
Name: Daphne Woolfolk
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of HOSPITALITY DISTRIBUTION INCORPORATED have executed this unanimous written consent as of the date first set forth above.

_____
Name: David A. Deck
Title: Director


*Daphne Woolfolk*
_____
Name: Daphne Woolfolk
Title: Director

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of SB HOSPITALITY CORPORATION have executed this unanimous written consent as of the date first set forth above.

Name: Maribel Alamillo
Title: Director

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of SPT DISTRIBUTION COMPANY, INC. have executed this unanimous written consent as of the date first set forth above.

*Roger Cardinale*
_____
Name:  J. Roger Cardinale
Title: Director


_____
Name:  Tony Howard
Title: Director


_____
Name:  Blake Huggins
Title: Director

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of SPT DISTRIBUTION COMPANY, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name:  J. Roger Cardinale
Title: Director

*Tony Howard*

_____
Name:  Tony Howard
Title: Director

_____
Name:  Blake Huggins
Title: Director

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of SPT DISTRIBUTION COMPANY, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name:  J. Roger Cardinale
Title: Director

_____
Name:  Tony Howard
Title: Director

_____
Name:  Blake Huggins
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of CEC ENTERTAINMENT LEASING COMPANY have executed this unanimous written consent as of the date first set forth above.


Name: Mark Hullinger
Title: Director



_____
Name: Blake Huggins
Title: Director

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of CEC ENTERTAINMENT LEASING COMPANY have executed this unanimous written consent as of the date first set forth above.

_____
Name: Mark Hullinger
Title: Director


_____
Name: Blake Huggins
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being the sole manager of CEC LEASEHOLDER, LLC has executed this written consent as of the date first set forth above.

By: _____

Name:  Mark Hullinger

Title:   Sole Manager

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of CEC LEASEHOLDER #2, LLC have executed this written consent as of the date first set forth above.

By: _____
Name:  Mark Hullinger
Title:  Manager

By: _____
Name:  Tony Howard
Title:  Manager

By: _____
Name:  Blake Huggins
Title:  Manager

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of CEC LEASEHOLDER #2, LLC have executed this written consent as of the date first set forth above.

By: _____
Name:  Mark Hullinger
Title:   Manager


*Tony Howard*
By: _____
Name:  Tony Howard
Title:   Manager


By: _____
Name:  Blake Huggins
Title:   Manager

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of CEC LEASEHOLDER #2, LLC have executed this written consent as of the date first set forth above.

By: _____
Name:  Mark Hullinger
Title:    Manager


By: _____
Name:  Tony Howard
Title:    Manager


By: _____
Name:  Blake Huggins
Title:    Manager

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of CEC ENTERTAINMENT INTERNATIONAL, LLC have executed this written consent as of the date first set forth above.

By: _____
Name:  David A. Deck
Title:   Manager


By: _____
Name:  Blake Huggins
Title:   Manager

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of CEC ENTERTAINMENT INTERNATIONAL, LLC have executed this written consent as of the date first set forth above.

By: _____
Name:   David A. Deck
Title:   Manager


By: _____
Name:   Blake Huggins
Title:   Manager

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of PETER PIPER HOLDINGS, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name: David McKillips
Title: Director


_____
Name: J. Roger Cardinale
Title: Director

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of PETER PIPER HOLDINGS, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name: David McKillips
Title: Director


*Roger Cardinale*
_____
Name: J. Roger Cardinale
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

       **IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of PETER PIPER, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name:  David McKillips
Title: Director


_____
Name: J. Roger Cardinale
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of PETER PIPER, INC. have executed this unanimous written consent as of the date first set forth above.

_____
Name:  David McKillips
Title: Director


*Roger Cardinale*
_____
Name: J. Roger Cardinale
Title: Director

[SIGNATURE PAGE TO WRITTEN CONSENT]

      **IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of TEXAS PP BEVERAGE, INC. have executed this unanimous written consent as of the date first set forth above.


_____

Name: David A. Deck
Title: Director

**IN WITNESS WHEREOF**, the undersigned, being the sole manager of PETER PIPER MEXICO, LLC has executed this written consent as of the date first set forth above.

By: _____
Name:  Blake Huggins
Title:    Sole Manager

**IN WITNESS WHEREOF**, the undersigned, being the sole manager of PETER PIPER TEXAS, LLC has executed this written consent as of the date first set forth above.

By: _____
Name:  Blake Huggins
Title:   Sole Manager

[SIGNATURE PAGE TO WRITTEN CONSENT]

**Fill in this information to identify the case:**

Debtor name: <u>CEC Entertainment Concepts, L.P.</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Attn.: **Wilmington Trust, National Association** PO Box 8955, Wilmington, DE 19899-8955 | Attn.: Phone: Facsimile:   (only if no email) Email: | Noteholders | | | | $215,721,000 |
| 2 | Attn.: **National Retail Properties, LP** 450 S. Orange Avenue, Orlando, FL 32801 | Attn.: Vice President – Asset Management Phone: Facsimile:   (only if no email) Email: | Leases | | | | $2,788,603 |
| 3 | Attn.: **Aon Risk Services Southwest Inc** PO Box 955816, St. Louis, MO 63195-5816 | Attn.: Phone: Facsimile:   (only if no email) Email: | Trade Debt | | | | $1,261,726 |
| 4 | Attn.: **CDW Computer Centers, Inc.** PO Box 75723, Chicago, IL 60675-5723 | Attn.: Phone: Facsimile:   (only if no email) Email: | Trade Debt | | | | $555,855 |
| 5 | Attn.: **Microsoft Corporation** Lock Box 842467, Dallas, TX 75207 | Attn.: Phone: Facsimile:   (only if no email) Email: | Trade Debt | | | | $529,073 |
| 6 | Attn.: **Parkway Construction & Assoc** 1000 Civic Circle, Lewisville, TX 75067 | Attn.: Phone: Facsimile:   (only if no email) Email: | Trade Debt | | | | $428,288 |
| 7 | Attn.: **Index Promotions, Inc.** 10100 Venice Blvd., Culver City, CA 90232 | Attn.: Phone: Facsimile:   (only if no email) Email: | Trade Debt | | | | $345,00 |
| 8 | Attn.: **Hartman SPE, LLC** 2909 Hillcroft St., Suite 420, Houston, TX 77057 | Attn.: Phone: (972) 550-0544 Facsimile:   (only if no email) Email: | Leases | | | | $289,309 |

| Debtor | CEC Entertainment Concepts, L.P. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Attn.: **Andamiro USA Corp**<br>17230 S. Main St., Gardena, CA 90248 | Attn.:<br>Phone:<br>Facsimile:   (only if no email)<br>Email: | Trade Debt | | | $272,546 |
| 10 | Attn.: **BTM Development Partners, LLC**<br>60 Columbus Circle, 19th Floor, New York, NY 10023 | Attn.:<br>Phone: (212) 801-1083<br>Facsimile:   (only if no email)<br>Email: | Leases | | | $230,888 |
| 11 | Attn.: **Regency Centers Corporation**<br>One Independent Drive, Jacksonville, FL 32202-5019 | Attn.:<br>Phone: (904) 598-7000<br>Facsimile:   (only if no email)<br>Email: | Leases | | | $228,299 |
| 12 | Attn.: **PWR16-48-18 Northern Blvd, LLC**<br>c/o C-III Asset Management LLC<br>5221 N O'Connor Blvd, #600, Irving TX 75039 | Attn.: REO Asset Management<br>Phone:<br>Facsimile:   (only if no email)<br>Email: | Leases | | | $169,733 |
| 13 | Attn.: **Krausz FT One, L.P.**<br>c/o The Krausz Companies, Inc.<br>44 Montgomery St., Suite 2388, San Francisco, CA 94104-4806 | Attn.:<br>Phone:<br>Facsimile:   (only if no email)<br>Email: | Leases | | | $145,497 |
| 14 | Attn.: **Deltronic Labs Inc.**<br>120 Liberty Ln., Chalfont, PA 18914-1820 | Attn.:<br>Phone:<br>Facsimile:   (only if no email)<br>Email: | Trade Debt | | | $141,467 |
| 15 | Attn.: **Federal Realty Investment Trust**<br>1626 E. Jefferson St., Rockville, MD 20852 | Attn.: (301) 998-8100<br>Phone:<br>Facsimile:   (only if no email)<br>Email: | Leases | | | $141,129 |
| 16 | Attn.: **Portal Plaza, LP**<br>c/o Yamaoka Associates, Inc.<br>1307 S. Mary Ave., Sunnyvale, CA 94087 | Attn.:<br>Phone:<br>Facsimile:   (only if no email)<br>Email: | Leases | | | $136,110 |
| 17 | Attn.: **CIII, JPMCC05-CIOBC11; Shoppes at IV**<br>c/o CBRE Inc.<br>250 New Phele Avenue, 6th Floor, Saddle Brook, NJ 07663 | Attn.:<br>Phone:<br>Facsimile:   (only if no email)<br>Email: | Leases | | | $134,580 |
| 18 | Attn.: **Pickett LLC**<br>c/o Combined Properties, Inc.<br>1025 Thomas Jefferson St. NW, Washington, DC 20007 | Attn.:<br>Phone: (202) 293-4500<br>Facsimile:   (only if no email)<br>Email: | Leases | | | $124,267 |
| 19 | Attn.: **RPT Realty, L.P.**<br>RLV Cypress Point, LP, Southfield, MI 48076 | Attn.:<br>Phone:<br>Facsimile:   (only if no email)<br>Email: | Leases | | | $124,140 |

| Debtor | CEC Entertainment Concepts, L.P. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | Attn.: **Village Crossing** c/o CBRE 700 Commerce Drive, Suite 450, Oak Brook, IL 60523 | Attn.: Phone: Facsimile:   (only if no email) Email: | Leases | | | $121,706 |
| 21 | Attn.: **Centennial Lakes Plaza, LLC** 7 Giralda Farms, Madison NJ 07940 | Attn.: VRS Asset Management Phone: Facsimile:   (only if no email) Email: | Leases | | | $118,653 |
| 22 | Attn.: **Saul Subsidiary I Limited Partnership** c/o Windham Management Company 7501 Wisconsin Ave., Bethesda, MD 20814-6522 | Attn.: Phone: Facsimile:   (only if no email) Email: | Leases | | | $115,056 |
| 23 | Attn.: **ROIC California, LLC** c/o Retail Opportunity Investments Corp 11250 El Camino Real, Suite 200, San Diego, CA 92130 | Attn.: Chief Operating Officer Phone: (858) 677-0900 Facsimile:   (only if no email) Email: | Leases | | | $114,715 |
| 24 | Attn.: **TRC MM, LLC** 4695 MacArthur Court, Newport Beach, CA 92660 | Attn.: Phone: (949) 662-2100 Facsimile:   (only if no email) Email: | Leases | | | $113,462 |
| 25 | Attn.: **Tango Analytics, LLC** PO 734054, Dallas, TX 75373-4054 | Attn.: Phone: Facsimile:   (only if no email) Email: | Trade Debt | | | $111,930 |
| 26 | Attn.: **SM South, LLC** c/o Stirling Properties, LLC 109 Northpark Blvd., Covington, LA 70433 | Attn.: Phone: Facsimile:   (only if no email) Email: | Leases | | | $110,129 |
| 27 | Attn.: **IBM Corporation** PO Box 676673, Dallas, TX 75267-6673 | Attn.: Phone: Facsimile:   (only if no email) Email: | Trade Debt | | | $110,087 |
| 28 | Attn.: **Staples Advantage** PO Box 660409, Dallas, TX 75266-0409 | Attn.: Phone: Facsimile:   (only if no email) Email: | Trade Debt | | | $108,368 |
| 29 | Attn.: **Northline Commons, LLC** 4400 A North Freeway, Houston, TX 77022 | Attn.: Phone: (713) 692-6131 Facsimile:   (only if no email) Email: | Leases | | | $108,175 |
| 30 | Attn.: **PK I Fullerton Town Center LP** c/o BIG Shopping Centers USA Inc. One E. Washington St., Phoenix, AZ 85004 | Attn.: Phone: Facsimile: Email: | Leases | | | $108,100 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **CEC ENTERTAINMENT, INC.,** *et al.,* | § | **Case No. 20-_____ (___)** |
| | § | |
| **Debtor.** | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in CEC Entertainment, Inc. ("**CEC**") and its affiliated debtors (the "**Affiliated Debtors**"), as proposed debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**").  CEC, on behalf of itself and the Affiliated Debtors, respectfully represents as follows:

1.      Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

2.      Queso Holdings Inc. ("**Parent**") is the ultimate parent company of each of the Affiliated Debtors, and directly or indirectly owns a 100% equity interest in each of the Affiliated Debtors.

3.      AP VIII CEC Holdings, L.P. owns approximately 98% of the equity of Parent and the remaining 2% of the equity in Parent is owned by certain employees and directors of the Debtors.

## Exhibit A

**Organizational Chart**

# CEC Entertainment, Inc.



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CEC ENTERTAINMENT** | § | **Case No. 20-_____ (___)** |
| **CONCEPTS, L.P.,** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |

**LIST OF EQUITY HOLDERS**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession.

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| CEC Entertainment, Inc.<br>1707 Market Place Blvd, Suite 200<br>Irving, Texas 75063 | Partnership Interests | 0.1% |
| CEC Entertainment Holdings, LLC<br>1707 Market Place Blvd, Suite 200<br>Irving, Texas 75063 | Partnership Interests | 99.9% |

---

**Fill in this information to identify the case:**

Debtor name: <u>CEC Entertainment Concepts, L.P.</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
<div align="center">(State)</div>

Case number (*If known*): <u>                    </u>

---

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☑   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑   Other document that requires a declaration <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.


Executed on  <u>June 24, 2020</u>          **X**  <u>/s/ James A. Howell                        </u>
<div style="margin-left:7em">MM / DD /YYYY</div>
Signature of individual signing on behalf of debtor

<u>James A. Howell                                </u>
Printed name

<u>Chief Financial Officer                        </u>
Position or relationship to debtor

---